IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| EDDIE ALLEN, | ) | CIVIL ACTION 4:05-cv-00004-CMC-TER |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |

      This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

      Defendant filed a motion to dismiss and memorandum in support on June 1, 2005. In this motion, defendant contends that plaintiff's complaint should be dismissed as it was filed more than sixty (60) days after receipt of the "final decision" of the Commission. (Docket #5). Plaintiff filed a response in opposition on July 7, 2005, and a supplemental response on July 20, 2005. Defendant filed a reply on August 5, 2005.

## PROCEDURAL HISTORY

On February 19, 2003, the United States District Court for the District of South Carolina remanded this case for further administrative proceedings. On June 17, 2004, the ALJ issued a revised decision denying plaintiff's claim for benefits. On July 15, 2004, counsel for plaintiff timely requested an extension of time of 30 days to file written exceptions in the plaintiff's case. In a letter dated July 22, 2004, the Appeals Council granted the request for an extension stating that "[i]f we do not receive anything further from you in the next 40 days, we will assume that you have nothing further to submit." The notice of unfavorable decision by the ALJ dated July 8, 2004, states the following:

> Even if you do not file exceptions, within 60 days from the date shown below the Appeals Council may review your case on its own motion.. . . If you do not file written exceptions and the Appeals Council does not act on its own motion, the decision of the Administrative Law Judge will become the final decision of the Commissioner after remand on the 61st day after the date of this notice. You will then have, during a 60-day period beginning with the day the Administrative Law Judge's decision becomes final, the right to file a new civil action to have the Federal district court review that decision.
>
> . . . therefore, if you think this decision is wrong you should file your exceptions within 30 days or file a new civil action between the 61st and 121st days after the date of this notice.

(Plaintiff's exhibit #3).

Plaintiff filed this complaint on January 3, 2005.

In plaintiff's response to the motion to dismiss, plaintiff's counsel argues that he interpreted the Appeals Council's granting of an extension to file exceptions as moving the entire time frame

forward regarding the Appeals Council's time to perform a review on its own motion and the plaintiff's time to file civil suit. Plaintiff argues as follows, quoted verbatim:

> After the Appeals Council grants an extension to file exceptions, it would seem reasonable to expect the Appeals Council time to conduct an own motion review would begin to run after the time to file exceptions has expired. Otherwise, as in the case at hand, the Appeals Council's time to conduct an own motion review would expire before the Appeals Council even knew what the plaintiff's exceptions were, or if he was even going to file exceptions. This does not seem reasonable. . .
>
> Counsel for the plaintiff in this case assumed the Appeals Council had to be provided time to conduct an own motion review, and then had 60 days subsequent to that time to file suit. Therefore, the 121 days referred to in the hearing decision as the time allowed for filing a civil action was calculated to start running from the time the extension the Appeals Council granted to file exceptions expired. The failure to not properly provide the Appeals Council time to conduct an own motion review would result in a motion to dismiss based on failure to exhaust administrative remedies, which the plaintiff was trying to avoid.

(Plaintiff's response, p. 3-4).

Plaintiff argues that the amended decision did not include the date of mailing. However, a review of the amended decision reveals it was dated July 8, 2004, and states in the decision that "[t]he Appeals Council assumes that you receive this notice within five days after the date shown on it unless you show that you did not receive it within the five-day period."

It is conceivable that there may have been some confusion over the dates which may have entitled plaintiff to excusable neglect if the complaint is time barred. However, a review of plaintiff's own letter on December 23, 2004, to the Appeals Council reveals that plaintiff states the following with regard to the deadline:

> I previously requested an extension of time to file exceptions in this case. By a letter dated July 22, 2004, I was granted an additional 40 days from the date of the letter granting the extension to file exceptions in the above referenced case. I subsequently decided to go the route of pursuing this case in USDC. My reading of the ALJ decision explaining the appeal process is that after my time to file exceptions runs, the Appeals Council has 60 days to review the case on it's own motion, and the claimant has 60 days subsequent to that to file suit. Therefore, I have calculated December 31, 2004, as the final day for Mr. Allen to initiate a civil action. This is figuring 60 days from the date the time to file exception expired around September 1, 2004, and an additional 60 days from that for the claimant to initiate a civil action. In looking back at the decision, I am not entirely sure I figured this correctly, as the decision indicates the Appeals Council has 60 days from the date "below", but no date is given. Regardless, I intend to file suit prior to December 31, 2004, and if my interpretation of the time is incorrect I am requesting an extension of time to commence a civil action.

(Docket #9-6).

Therefore, calculating the dates as plaintiff has argued, he himself stated "the deadline of December 31, 2004, as the final day for Mr. Allen to initiate a civil action." Plaintiff stated he intended to file the action prior to December 31, 2004. However, plaintiff did not file the complaint until January 3, 2005, and has offered no further explanation for missing his own calculated deadline that would suffice as excusable neglect. Plaintiff attempts to argue that he timely requested an extension in his letter of December 23, 2004. However, a reading of this letter as set out above requests an extension of time to December 31, 2004. Again, plaintiff did not file this action until January 3, 2005. Accordingly, it is recommended that defendant's motion to dismiss (docket #5) be GRANTED.[1]

---

[1] In the alternative, plaintiff requests "the Court to allow an equitable tolling." (Plaintiff's response). The undersigned does not find that this is one of those rare cases in which the application of equitable tolling is appropriate and recommends that it is not. *See* Gibbs v. Barnhart, 2005 WL 28320 (W.D. Va., Feb. 7, 2005)(holding that oversight by attorney causing late filing does not justify equitable tolling) *citing* Davila v. Barnhart, 225 F.Supp.2d 337, 339 (S.D.N.Y. 2002) (holding that an attorney's error or miscalculation is not one of the rare

**CONCLUSION**

Based on the above reasons, it is RECOMMENDED that the defendant's motion to dismiss (docket #5) be GRANTED.

        Respectfully submitted,

        s/Thomas E. Rogers, III
        Thomas E. Rogers, III
        United States Magistrate Judge

August 28, 2006
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

instances in which equitable tolling is permissible). As the facts alleged by plaintiff do not constitute a ground for excusing the failure to file in time, it is recommended that the defendant's motion to dismiss be granted as plaintiff is not entitled to equitable tolling.

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk<br>
United States District Court<br>
Post Office Box 2317<br>
Florence, South Carolina 29503